**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| United States of America, | ) | 06-3234M |
| Plaintiff, | ) | |
| | ) | **ORDER** |
| vs. | ) | |
| | ) | |
| William Jenkins, | ) | |
| Defendant. | ) | |
| | ) | |

For the reasons set forth on the record in open court at the conclusion of Defendant's August 18, 2006 detention hearing,

The Court finds that a combination of conditions exist that will reasonably assure the appearance of Defendant at all future court proceedings.

**IT IS ORDERED** that upon the posting a secured bond in the sum of $100,000.00 with the Clerk, defense counsel shall notify the undersigned's judicial assistant, the assigned AUSA Brian Larson and PTS' officer Alma Lopez whereupon a bag and baggage release hearing will be set before the undersigned to set all conditions of release. United States v. Fidler, 419 F.3d 1026 (9th Cir. 2005).

Defense counsel shall timely provide the bond details to the assigned AUSA so that he has a fair opportunity to request a Nebbia hearing if reasonable grounds exist to request such a hearing. United States v. Nebbia, 357 F.2d 303, 304 (2d Cir. 1966) (". . . mere deposit of cash bail is not sufficient to deprive the court of the right to inquire into other

1  factors which might bear on the question of the adequacy of the bail and . . . the ability of the
2  surety to produce the defendant."); <u>United States v. Noriega-Sarabia</u>, 116 F.3d 417 (9th Cir.
3  1997); Rule 46(e), FED.R.CRIM.P.

4      The Court finds that Defendant's uncle, Larry Neinast, is not an appropriate
5  third-party custodian. Defendant shall recommend another potential third-party custodian to
6  the Court and Pretrial Services prior to Defendant's release.

7      **IT IS FURTHER ORDERED** that Defendant shall remain detained until such
8  bond is posted.

9      DATED this 28th day of August, 2006.

*(signature)*
Lawrence O. Anderson
United States Magistrate Judge